Roosevelt N. Nesmith, Esq  (008271997)
**LAW OFFICE OF ROOSEVELT N. NESMITH LLC**
363 Bloomfield Avenue, Suite 2C
Montclair, New Jersey 07042
Tel: (973) 259-6990
Fax: (866) 848-1368
*roosevelt@nesmithlaw.com*

*Counsel for Plaintiff and the*
*Putative Collective and Class*
*[additional counsel on signature page]*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL VOGT, individually and on behalf of all others similarly situated | Civil Action No. |
| Plaintiff, | **COMPLAINT** |
| -vs- | Class and Collective Action |
| | Jury Trial Demanded |
| NOVO BUILDING PRODUCTS, LLC, | Documents Filed Electronically |
| Defendant. | |

# INTRODUCTION

Plaintiff, MICHAEL VOGT, individually and on behalf of all other similarly situated persons, files this Class and Collective Action Complaint, against NOVO BUILDING PRODUCTS, LLC ("Defendant"), seeking all available relief for unpaid overtime wages pursuant to the Fair Labor Standards Act 29 U.S.C. § 201, *et seq.* ("FLSA") and the New Jersey Wage and Hour Law, N.J.S.A §. 34:12-56, *et seq.* ("NJWHL") and New Jersey Wage and Hour Regulations N.J.A.C. § 12:56-5.1, *et seq*.

# NATURE OF THE ACTION

1. Plaintiff alleges, on behalf of himself and all similarly situated, current and former employees of Defendant in the United States, who were assigned the title of "Account Service Manager" or "Territory Service Representative" and classified as "Exempt Employees," and who elect to opt into this action pursuant to the FLSA (hereinafter "Collective Active Members"), that they are entitled to *inter alia*: (1) compensation for all hours worked; (2) unpaid overtime wages for hours worked above forty (40) in a work week, as required by law; and (3) liquidated damages pursuant to the FLSA.

2. Plaintiff also brings this action under the NJWHL pursuant to Fed. R. Civ. P. 23, on behalf of himself and all similarly situated current and former employees who worked for Defendant in the State of New Jersey and who were assigned the title of "Account Service Manager" or "Territory Service Representative" and classified as "Exempt Employees" (hereinafter "New Jersey Class Members"), that they are entitled to *inter alia,* compensation for all hours worked, and unpaid overtime wages for hours worked above forty (40) in a work week, as required by the NJWHL.

3. Defendant violated the FSLA and the NJWHL by misclassifying Plaintiff and similarly situated employees as exempt "Account Service Managers" or "Territory Service Representatives" and failing to pay these employees for all the hours worked, failing to pay them overtime in a timely manner, and failing to pay them the legally required amount of overtime compensation required by law for all hours works over forty (40) in a work week.  Plaintiff and all persons similarly situated, are entitled to unpaid wages from Defendant for all hours worked by them, as well as unpaid overtime wages for hours in excess of forty (40) hours worked per work week.

## JURISDICTION

4. This Court has jurisdiction over Plaintiff's FSLA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. This Court has jurisdiction over Plaintiff's NJWHL claim pursuant to 28 U.S.C. § 1332(d) and the Class Action Fairness Act, 28 U.S.C. §§ 1332, 1453 and 1711-1715, and 28 U.S.C. § 1367.  The parties are diverse and, on information and belief, the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

6. Plaintiff is a citizen of a State different from that of Defendant.

7. Venue is proper pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to the claims occurred in this District.

8. Plaintiff resides in this district.

9. Defendant regularly conducts business in this district.

## THE PARTIES

10. Plaintiff, MICHAEL VOGT, is an individual residing in Marlton, New Jersey.

11. Plaintiff was employed by Defendant in New Jersey. He began his employment with Defendant in June 2013. From June 2013 through August 2021, Plaintiff was in a position nominally titled "Account Service Manager." Plaintiff accepted a position with Defendant titled "Area Manager" from September 2021 to December 12, 2021. Plaintiff returned to the position titled "Account Service Manager" starting December 13, 2021. Defendant changed Plaintiff's title from "Account Service Manager" to "Territory Service Representative" on March 3, 2022. Plaintiff ended his employment with Defendant on March 28, 2022.

12. Plaintiff regularly worked in excess of forty (40) hours per work week without receiving wages from Defendant for hours worked and without overtime compensation required by State and Federal Laws.

13. Defendant is a manufacturer and distributor of building materials organized under the laws of Delaware, with its principal office located at 8181 Logistics Drive, Zeeland, Michigan. Defendant is the parent company of The Empire Company and its affiliates, Southwest Moulding Company, Ornamental Decorative Millwork, and LJ Smith Stair Systems. Upon information and belief, Defendant's predecessor company, NACS USA, Inc., was purchased and renamed Novo Building Products, LLC, in December 2016.

14. The Empire Company is a manufacturer of wood moldings and other specialty lumber parts organized under the laws of the State of Michigan, with its principal place of business at 8181 Logistics Drive, Zeeland, Michigan.

15. At all times relevant hereto, Defendant has been an employer within the meaning of Section 3(d) of the FLSA.

16. At all times relevant herein, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA.

17. At all times relevant herein, Defendant has been an enterprise engaged in commerce within the meaning of Section 3(s)(1) of the FLSA because it has employees engaged in commerce.

18. Defendant has had a gross volume of sales made or business done of at least $500,000 per annum.

19. At all times relevant herein, Plaintiff and similarly situated employees were engaged in commerce.

20. Defendant issued paychecks to Plaintiff, and all similarly situated employees during their employment.

21. Defendant directed the work of Plaintiff and similarly situated employees and benefitted from work performed that Defendant suffered or permitted from them.

22. Plaintiff and similarly situated employees worked in excess of 40 hours per work week, without receiving overtime compensation as required by the FSLA, NJWHL and other applicable local, state and federal wage and hour laws.

23. Pursuant to Defendant's policy, pattern and/or practice, Defendant failed to pay Plaintiff, and all similarly situated employees, proper overtime wages for hours they worked for Defendant's benefit in excess of forty (40) hours in a workweek.

**FACTUAL ALLEGATIONS**

24. Plaintiff was employed by Defendant as an Account Service Manager and subsequently as a Territory Service Representative. All allegations herein are with respect to Plaintiff's tenure in the positions titled Account Service Manager and Territory Sales Representative.

25. Defendant maintained control, oversight, and discretion over its operations, including employment practices, with respect to Plaintiff and similarly situated employees.

26. Plaintiff, the Collective Action Members, and the New Jersey Class Members, performed their work in the normal course of Defendant's business and their work was integrated into Defendants' business.

27. Plaintiff and numerous other similarly situated employees classified as exempt in the positions of "Account Service Managers," and "Territory Service Managers" primarily worked on maintaining inventory of Defendant's products at customer accounts, such as Lowes Home Centers. Although Defendant classified Plaintiff and other similarly situated employees as exempt, their day-to-day work consisted solely of visiting retail locations to undertake tasks such as stocking shelves with replenishment orders, merchandising product within the store, culling and writing credits for damaged or defective merchandise, and addressing customer concerns.

28. During the relevant time period set forth herein, Defendant misclassified numerous employees, including Plaintiff, as exempt for the purpose of avoiding the payment of overtime wages, as required by law. Plaintiff, and many other employees were classified by Defendant as exempt and were paid, based upon a forty (40) hour work week. Plaintiff and other employees' workloads and job assignments, as dictated by Defendant, in fact required Plaintiff and the other employees to work, on average, fifty-five (55) hours per week. Defendant knew or should have known that the Plaintiff and other similarly situated employees worked in excess of forty (40) hours per week, for which they were not paid time and a half for such work.

29. Consistent with Defendant's policy, pattern and/or practice, Plaintiff, the Collective Action Members, and the New Jersey Class Members regularly worked in excess of

40 hours per work week without being paid overtime wages in violation of the FLSA, the NJWHL and other local and state wage and hour laws.

30. Plaintiff was employed by Defendant as an "Account Service Manager" from June 2013 through August 2021, and again from December 13, 2021 to March 3, 2022. Defendant's Account Service Managers serviced Defendant's customers throughout the United States. As an "Account Service Manager," Plaintiff upon information and belief, was misclassified as an "Exempt Employee," who was regularly required to, and did in fact, work in excess of forty (40) hours per week and who was not paid overtime wages. Plaintiff was paid a salary of $47,000 annually as an Account Service Manager.

31. Plaintiff was also employed by Defendant as a "Territory Service Representative" from March 3, 2022 to March 28, 2022. Defendant's Territory Service Managers performed the same job functions as "Account Service Managers" in servicing Defendant's customers throughout the United States. As a "Territory Service Representative" Plaintiff, upon information and belief, was misclassified as an "Exempt Employee," who was regularly required to, and did in fact, work in excess of forty (40) hours per week and was not paid overtime wages. Plaintiff was paid a salary of $47,000 annually as a Territory Service Representative.

32. Defendant misclassified Plaintiff and other similarly situated employees employed as Account Service Managers and Territory Service Representatives as exempt from the FLSA and the NJWHL's overtime requirements, apparently on the grounds that they (a) are management and thus, subject to the "executive" exemption; (b) sales representatives and thus, subject to the "outside sales" exemption; or (c) work in an administrative capacity and thus subject to the "administrative" exemption under the statutes.

33. To be exempted as an "executive" under the FLSA and the NJWHL, an employee must (1) be paid on a "salary basis" at a statutory minimum based rate; (2) the employee's primary duty must be management; (3) the employee must customarily direct work of at least two or more other full-time employees; and (4) the employee must have authority to hire or fire other employees, or the employee's suggestions and recommendations as to hiring, firing, advancement, promotion or any other change of status of other employees must be given particular weight.

34. Plaintiff and the other similarly situated employees who were misclassified do not meet this test. At all relevant times, Plaintiff and other similarly situated employees misclassified by Defendant as exempt did not have the primary duty of management. The Department of Labor has defined management duties as including the following: interviewing, hiring and training employees; assigning and directing the work of employees; giving feedback on performance and conducting reviews; responding to employee complaints; disciplining, demoting or firing employees; planning and controlling the budget; selecting and purchasing necessary tools and inventory; selecting the techniques to be used on the job; and planning for the safety of the employees. Plaintiff and other similarly situated employees who were misclassified as managers performed none of these functions.

35. Moreover, Plaintiff and other similarly situated employees who were misclassified as exempt by Defendant have not customarily directed the work of at least two or more full-time employees of Defendant and have not had the power to hire or fire employees and/or their suggestions and recommendations as to hiring, firing, advancement, promotion or any other change of status of other employees have not been given any particular weight by Defendant.

36. Under the FLSA "outside sales" exemption, employees who work "in the capacity of outside salesman" are exempt from overtime pay requirements. 29. U.S.C. § 213(a). The term "employed in the capacity of outside salesman" means an employee whose primary duties are "making sales . . . or obtaining orders . . . and who is customarily and regularly engaged away from the employer's place or places of business." 29 C.F.R. § 541.500. "Making sales" under the FLSA means "any sale, exchange, contract to sell, consignment for sale; shipment for sale, or other disposition," 29 U.S.C. § 203(k). Promotional activity to assist in another company's sales, such as arranging merchandise on shelves or replenishing stock, is not an exempt activity. 29 C.F.R. § 541.503(c).

37. Plaintiff and the other similarly situated employees who were misclassified as exempt do not meet the FLSA "outside sales" test. Plaintiff's primary duties were to stock customers shelves, cull defective product, clean store aisles and track inventory. Plaintiff was not responsible for making sales or obtaining orders from customers. At all relevant times, Plaintiff and other similarly situated employees did not have the primary duty of making sales or obtaining orders under the FLSA.

38. Under the FLSA's administrative exemption, employees who work in a "bona fide. . . administrative. . . capacity" are exempt from overtime pay requirements. 29 U.S.C. § 213(a)(1). In order to qualify for the administrative exemption (1) the employee must be compensated on a salary or fee basis at a rate of not less than $455 per week, exclusive of board, lodging, or other facilities; (2) the employee's "primary duty" must be the "performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers"; and (3) the employee's primary duty must include

"the exercise of discretion and independent judgment with respect to matters of significance." 29 C.F.R. § 541.200(a).

39. Plaintiff and the other similarly situated employees who were misclassified as exempt do not meet the test for the FLSA "administrative exemption." Plaintiff's primary work involved manual work, i.e., stocking customers' shelves with millwork delivered to the customers' stores, culling defective millwork, cleaning aisles and checking inventory.

40. Plaintiff's work duties were not directly related to the management or general business operations of Defendant or its customers. To meet this requirement, an employee must perform work directly related to assisting with the running or servicing of the business, as distinguished, for example, from working on a manufacturing production line or selling a product in a retail or service establishment. 29 C.F.R. § 541.201(a). None of Plaintiff's work involved formulating or implementing management policies or operating Defendant's business

41. Plaintiff's primary duty, and the primary duty of other persons employed by Defendant in the positions titled "Account Service Manager" and "Territory Service Representative" did not include the exercise of independent judgment and discretion with respect to matters of significance.

42. Defendant's policy, pattern and/or practice of misclassifying employees as "managers" and therefore, exempt for payment of overtime wages, was pervasive. Defendants' "Account Service Managers" and "Territory Service Representatives" covered customer accounts throughout the United States. Upon information and belief, all Defendant's Account Service Managers and Territory Service Representatives were similarly misclassified as "exempt." Defendant's policy, pattern, and/or practice of mischaracterizing Defendant's "Non-Exempt" Employees as "Exempt", allowed Defendant to improperly reduce its labor costs and

9

unfairly compete with Defendant's competitors, giving Defendant an unfair, improper and illegal competitive advantage to the detriment of Defendant's employees and business competitors.

43. During the relevant time period, Defendant scheduled Plaintiff to work forty (40) hours per week, but he regularly worked more than 40 hours per week and was not paid for the hours worked in excess of 40 hours per workweek.

44. The number of hours Plaintiff worked per week can be ascertained from Defendant's records. At all relevant times, Plaintiff and other similarly situated employees were required to swipe in and out of customer locations with a company supplied identification card. In addition, at all relevant times, Plaintiff and other similarly situated employees were required to log in and log out of Defendant's computer system using a company pass code on a company issued mobile device to access company email and other information and when working remotely on a computer with internet access.

45. Defendant assigned all of the work that Plaintiff, the Collective Action Members and New Jersey Class Members have performed and Defendant is aware of all of the work they have performed.

46. Throughout the Collective Action and New Jersey Class Periods, Plaintiff, the Collective Action Members, and the New Jersey Class Members performed "non-exempt" job duties.

47. Throughout the Collective Action and New Jersey Class Periods, the primary job duties of Plaintiff and all members of the Collective Action and New Jersey Class did not include hiring, firing, disciplining, or directing the work of other employees, making sales or obtaining orders, or exercising independent judgment and discretion with respect to matters of significance.

48. The primary job duties of Plaintiff and all members of the Collective Action and New Jersey Class did not materially differ from the duties of other non-exempt, hourly paid employees.

49. Defendant's company-wide policy, patterns and/or practice of misclassifying its employees was knowing and intentional. For instance, Plaintiff and other Account Service Managers complained to Defendant that they should be paid hourly and receive overtime compensation at a meeting of Defendant's executives, Account Service Managers and other employees in 2016. Defendant rejected the complaints of Plaintiff and other Account Service Managers and continued its company policy of misclassifying Plaintiff and similarly situated employees.

50. Pursuant to its centralized, company-wide policy, pattern and/or practice, Defendant misclassified Plaintiff and other similarly situated current and former employees, as exempt from coverage of the overtime provisions of the FLSA, the NJWHL, and other local and state wage and hour laws.

## FLSA COLLECTIVE ACTION ALLEGATIONS

51. Pursuant to 29 U.S.C. §§ 207 and 216(b), Plaintiff seeks to prosecute his FLSA claim as a Collective Action on behalf of all individuals who are or were employed by Defendant in the United States in the positions titled "Account Service Manager" and "Territory Service Representative," and who were not paid for all hours worked and/or their overtime hours at time and a half in violation of the FLSA.

52. Defendant is liable under the FLSA for, *inter alia*, failing to pay proper overtime wages to Plaintiff and other similarly situated employees.

53. There are many similarly situated current and former employees of Defendant who have not been paid proper overtime wages in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. Thus, notice should be sent to members of the Collective pursuant to 29 U.S.C. § 216(b).

54. The similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.

## NEW JERSEY CLASS ALLEGATIONS

55. Plaintiff sues on his own behalf and on behalf of the New Jersey Class, pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3), defined as all current and former employees of Defendant in the state of New Jersey in the positions titled "Account Service Manager" and "Territory Service Representative" during the relevant statutory period.

56. Defendant violated the NJWHL and the regulations promulgated thereunder by failing to pay proper overtime wages to Plaintiff and other putative New Jersey Class Members for hours in which they worked over 40 hours in a given work week.

57. The New Jersey Class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, these similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.

58. Upon information and belief, there are at least 40 members of the New Jersey Class. Indeed, at all relevant times, Defendant has directed employees who reside in New Jersey, Pennsylvania, Delaware and New York to travel to New Jersey when it deemed it necessary to service Defendant's customer accounts.

59. There are questions of law and fact common to the members of the New Jersey Class that predominate over any questions solely affecting the individual members of the New Jersey Class.

60. The critical question of law and fact common to Plaintiff and the New Jersey Class that will materially advance the litigation is whether Defendant is required by the NJWHL to pay Plaintiff and the New Jersey Class at a rate of 1.5 times their regular hourly rate for hours worked in excess of forty (40) hours per week.

61. Other questions of law and fact common to the New Jersey Class that will materially advance the litigation include, without limitation:

   a. Whether Defendant employed Plaintiff and the New Jersey Class Members within the meaning of NJWHL;

   b. The nature and extent of the class-wide injury and the appropriate measure of damages for the Class when the employer fails in its duty to maintain time records;

   c. Whether Defendant had a policy of misclassifying "Account Service Managers" and "Territory Service Representatives" as exempt from coverage of the overtime provisions of the NJWHL;

   d. Whether Defendant failed to pay Plaintiff and the New Jersey Class the legally required amount of overtime compensation for hours worked in excess of 40 hours per workweek, in violation of the NJWHL; and

   e. Whether Defendant is liable for all damage claimed by Plaintiff and the New Jersey Class, including, without limitation, compensatory, liquidated and statutory damages, interest, costs and disbursements, and attorneys' fees.

62. Plaintiff's claims are typical of the claims of the members of the New Jersey Class.

63. Plaintiff has the same interests in this matter as all other members of the New Jersey Class.

64. Plaintiff is an adequate class representative, is committed to pursuing this action and has retained competent counsel experienced in wage and hour law and class action litigation.

65. Class certification of Plaintiff's NJWHL claim is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the New Jersey Class, making appropriate both declaratory and injunctive relief with respect to the New Jersey Class as a whole.  The members of the New Jersey Class are entitled to injunctive relief to end Defendant's common and uniform policy, pattern and/or practice of denying New Jersey Class Members the wages to which they are entitled.

66. Class certification of Plaintiff's NJWHL claim is also appropriate pursuant to Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the New Jersey Class predominate over questions affecting only individual members of the New Jersey Class, and because a class action is superior to other available methods for the fair and efficient adjudication of the litigation.

67. Plaintiff knows of no difficulty that would be encountered in the management of this ligation that would preclude its maintenance as a class action.

## FIRST CAUSE OF ACTION

### FAIR LABOR STANDARDS ACT: UNPAID OVERTIME WAGES
(Brought on Behalf of Plaintiff and All Collective Action Members)

68. Plaintiff, on behalf of himself and all Collective Action Members, repeats, reiterates and realleges each and every allegation of Paragraphs 1 through 67 as if they were set forth herein at length.

69. At all relevant times, Defendant has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 § U.S.C. 206(a) and 207(a).

70. Defendant employed Plaintiff, and employed and/or continues to employ, each of the Collective Action Members, within the meaning of FLSA.

71. Defendant has and continues to engage in a policy, pattern and/or practice of violating the FLSA, as detailed in this Complaint.

72. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

73. The overtime wage provisions set forth in 29 U.S.C. §§ 201, *et seq.*, apply to Defendant.

74. At all relevant times and continuing to the present time, Defendant had a policy, pattern and/or practice of failing to pay overtime compensation to misclassified employees for hours that they had worked in excess of 40 hours per workweek.

75. As a result of Defendant's willful failure to compensate its employees, including Plaintiff and the Collective Action Members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendant has violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. § § 207(a)(1) and 215(a).

76. As a result of Defendant's willful failure to record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action Members, Defendant has failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C §§ 211(c) and 215(a). As a result of Defendant's FSLA violations, Plaintiff, on behalf of himself and the Collective Action Members, are entitled (a) to recover from Defendant their unpaid wages for all of the hours worked by

them, as overtime compensation, (b) to recover an additional, equal amount as liquidated damages, and (c) to recover their unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

77. Because Defendant's violation of the FLSA has been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

## SECOND CAUSE OF ACTION

## NEW JERSEY WAGE AND HOUR LAW: UNPAID OVERTIME WAGES
(Brought on Behalf of Plaintiff and All New Jersey Class Members)

78. Plaintiff repeats, reiterates and realleges each and every allegation of Paragraphs 1 through 77, as if they were set forth herein.

79. At all relevant times, Plaintiff and the New Jersey Class Members were employed by Defendant within the meaning of the NJWHL, and Defendant was an employer within the meaning of NJWHL.

80. The overtime wage provision of the NJWHL and its supporting regulations apply to Defendant.

81. Defendant willfully violated Plaintiff's rights and the rights of the New Jersey Class Members by failing to pay them the legally required amount of overtime compensation at rates not less than one and one-half times their regular rate of pay for all hours worked by them in excess of 40 hours in a workweek, in violation of the NJWHL and its regulations.

82. Defendant knew and/or showed reckless disregard that its conduct was prohibited by the NJWHL.

83. As a result of Defendant's willful violations of the NJWHL, Plaintiff and the New Jersey Class Members are entitled to recover from Defendant their unpaid overtime wages, reasonable attorneys' fees and costs of the action and pre-judgment and post-judgment interest,

including the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, reasonable attorneys' fees and costs and disbursements of this action, pursuant to N.J.S.A. § 34:11-56a25.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, the Collective Action Members and the New Jersey Class Members are entitled to and pray for the following relief:

a) Designation of this action as an FLSA collective action on behalf of Plaintiff and members of the Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the Collective, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

b) Certification of the New Jersey Class as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), and the appointment of Plaintiff and his counsel to represent the members of the New Jersey Class;

c) A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NJWHL.

d) An injunction requiring Defendant to cease its unlawful practices under the NJWHL and comply with the law;

e) An award of unpaid wages for all hours worked in excess of 40 in a workweek at a rate of one and one-half the regular rate of pay under the FLSA and the NJWHL.

f) An award of liquated damages pursuant to 20 U.S.C. § 216 and the NJWHL;

g) An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

h) An award of prejudgment and post-judgment interest;

i) An award of costs and expenses of this action together with reasonable attorneys' fees; and

j) Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38 (b), Plaintiff demands a trial by jury.

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

I hereby certify under penalty of perjury under the laws of the United States of America that to the best of my knowledge, this matter is not the subject to any other action pending in any court, or of any pending arbitration or administrative proceeding. I understand that if the foregoing statement is willful false, I am subject to punishment.

Dated: April 6, 2022

**LAW OFFICE OF ROOSEVELT N. NESMITH, LLC**

By: s/ Roosevelt N. Nesmith
    Roosevelt N. Nesmith, Esq.

363 Bloomfield Avenue, Suite 2C
Montclair, New Jersey 07042
Tel: (973) 259-6990
Fax: (866) 848-1368
*roosevelt@nesmithlaw.com*

Catherine E. Anderson, Esq.
**GISKAN SOLOTAROFF & ANDERSON LLP**
90 Broad Street, 2nd Floor
New York, NY 10004
Tel: (212) 847-8315
Fax: (646) 964-9620
*canderson@gslawny.com*

**THE MARKHAM LAW FIRM**
David R. Markham, Esq.
*dmarkham@markham-law.com*
    750 B Street, Suite 1950
San Diego, California 92101
Tel: (619) 399-3995
Fax: (619) 615-2067

*Attorneys for Plaintiff and the
Putative Collective and Class*