

April 24, 2023

The Honorable Sharon A. King, U.S.M.J.
United States District Court
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, New Jersey 08101

      Re:    **Vogt, et al, v. Novo Building Products, et al.,**
                  **Civil Case No. 1:22-cv-01998-CPO-SAK**

Dear Magistrate Judge King:

I am writing pursuant to Local Civil Rule 37.1 regarding certain discovery disputes between the parties in the above-named matter. The parties have worked diligently to narrow the issues of their present dispute but have reached impasse in resolving these remaining issues.

The present litigation involves claims by Plaintiffs that they were not compensated for travel time while working for Defendants, including regular wages and overtime wages. A central focus of Defendants' discovery efforts, therefore, has been trying to determine what hours Plaintiffs are referring to based on the fact that Defendants' records suggest that Plaintiffs worked nowhere near the hours they allege. In their first discovery requests, Defendants asked Plaintiffs for documents and answers to interrogatories to detail what their damages were and during what times, specifically, they claim to have been working without compensation. (*See* Exhibit A hereto, Defendants' First Discovery Requests at Interrogatory 5 and Requests for Production 4-8, 10, 14-15, 18.) Plaintiffs largely refused to produce documents in response to these central inquiries, claiming the information was already in Defendants' possession. (*See* Exhibit B hereto, Plaintiffs' Supplemental First Discovery Responses to same requests.) In the ensuing meet and confer discussions, Defendants made clear that these requests sought ESI, including Global Positioning System (GPS) from their personal devices during the times they claim that they were working for Defendants. Plaintiffs contended that Defendants' discovery requests did not specifically seek this information.

Given that Defendants do *not* have the information necessary to determine what hours exactly Plaintiffs claim they worked without compensation and based on Plaintiffs' disagreement about the scope of Defendants' first discovery requests, Defendants then, on February 10, 2023, propounded a second set of discovery requests tailored to seek the precise sorts of evidence that would show exactly when Plaintiffs were travelling for their work with Defendants. (*See* Exhibit C hereto, Defendants' Second Set of Discovery Requests.) These requests sought documents related to travel like toll receipts, mileage logs, and gas receipts. The requests also sought

**Amanda M. Fielder | Partner**
D 616.752.2404
E afielder@wnj.com
150 Ottawa Avenue, N.W., Suite 1500
Grand Rapids, MI 49503

The Honorable Sharon A. King, U.S.M.J.
United States District Court
April 21, 2023
Page 2

---

Plaintiffs' devices that contain GPS tracking abilities or the data from those devices. Notably, Defendants only sought information recovered during the timeframe in which Plaintiffs allege that they were working. (Ex. C at Interrogatories 13-15 and Request for Production 47.) Yet Plaintiffs again responded with blanket refusals to produce these crucial documents, again claiming that that the documents sought were already in Defendants' possession and that the device requests were irrelevant. Plaintiffs agreed *only* to produce the following: EZ Pass toll records "if any" from Mr. Vogt, mileage records from Mr. Manuel, and Mr. Manuel's Novo-issued cellular phone. (*See* Exhibit D hereto, Plaintiffs' Second Discovery Responses to same requests.)

The parties met and conferred on these second requests by email and phone. Plaintiffs have made multiple inapposite objections to producing these central items, which are addressed below.

Defendants requested specifically that Plaintiffs "Identify each Device (as defined above) that you owned at any time you were employed with any Defendant, and for each device, identify when you first owned that device and whether the device was purchased by you or by a Defendant." And also requested that for "each Device you identified in response to the foregoing Interrogatories, identify each application installed on that device with global positioning satellite or location services capabilities." (Ex. C, Interrogatories 13-14.) Defendants then requested that Plaintiffs "produce all global positioning satellite data stored on the Device for any date on which you were employed with any Defendant." (*Id.* at Request for Production 47.)

Counsel for Plaintiffs, Mr. Nesmith, indicated that Plaintiffs do not still have their personal phones that they owned when working for Defendants. However, during the meet and confer, Defendants reminded Mr. Nesmith that the definition of "Device" used in their discovery requests is broader that just phones:

> As used in these discovery requests, "**Device**" means any electronic device equipped with global positioning satellite technology, including but not limited to cellular phones, computers, personal digital assistants, tablets, in-vehicle global positioning satellite systems, aftermarket or third-party global positioning satellite systems, and any other device equipped with global positioning technology. [Ex. C, Definition 8.]

Mr. Nesmith indicated that he has not undertaken *any* inquiry to determine whether Plaintiffs are in possession of other devices, such as tablets, GPS systems, etc. that they owned when they were employed by Defendants and flatly refused to produce any such devices, regardless of whether they contain this crucial GPS information. Mr. Nesmith also confirmed he has undertaken no efforts to determine, for instance, if this GPS information was transferred to Plaintiffs' current personal devices from their old phones or other devices on any relevant applications.

Plaintiffs stated several inapposite bases for this flat refusal to produce documents relevant to what the Plaintiffs were doing during their alleged hours of work. First, it appears Plaintiffs are

The Honorable Sharon A. King, U.S.M.J.
United States District Court
April 21, 2023
Page 3

conflating information accessible through cell phone network carriers and the devices themselves. Carriers maintain limited "pinging" information, which results from the location of phones through cellular tower triangulation. However, this information is only maintained by the carrier for a short amount of time, and phones are not "pinged" with precise regularity. On the other hand, *devices themselves* and the software applications thereon collect much more diverse GPS information. Some devices and applications collect and store GPS information only when the application is in use, but others always collect the information. It is self-evident that this information is central to Plaintiffs' claims here. If they had GPS devices showing Plaintiffs' whereabouts at all times during their employment with Defendants, the parties would be able to readily and precisely identify *exactly* what hours Plaintiffs were travelling for Defendants. Defendants have submitted, based on their review of the records that are available to them, that Plaintiffs have greatly exaggerated the number of hours they were working for Defendants, and Defendants strongly believe the requested information would demonstrate that fact undeniably.

Second, Plaintiffs renew their objection that the information sought (both regarding Device GPS information and documents demonstrating travel expenses, etc.) are already in Defendants' possession because Plaintiffs (aside from Mr. Manuel) returned their Novo-issued cellular phones to Novo when their employment ended and because they submitted some of the mileage and expense records to Novo during their employment. (Ex. D, Resps. to Interrogatory 14 and Requests for Production 47-51, 52, 54, 57.) But Defendants explained to Mr. Nesmith multiple times that they are not in possession of all these documents and that the devices were wiped, as a matter of standard practice, when they were returned to Defendants. Nonetheless, Plaintiffs stand on this inaccurate objection. Even if it were true (though it is not) that Defendants already possessed some or many of the documents they request, that would not excuse Plaintiffs of their discovery obligations in this litigation that *they initiated*. *See, e.g., Fort Washington Rest. v. Tannen*, 153 F.R.D. 78, 79 (E.D. Pa. 1994) ("[I]t is not a bar to the discovery of relevant material that the same material may be in the possession of the requesting party or obtainable from another source."); *Miller v. Moldovsky*, No. CV 21-2219, 2022 WL 1261324, at *13 (E.D. Pa. Apr. 15, 2022) (same); *Walt Disney Co. v. DeFabiis*, 168 F.R.D. 281, 284 (C.D. Cal. 1996) (same); *Cook v. Rockwell Int'l Corp.*, 161 F.R.D. 103, 105 (D. Colo. 1995) (same).

Third, Plaintiffs then objected, during the meet and confer only, that producing the devices would be an undue burden on Plaintiffs, as they would be left without their devices for days on end. This is simply incorrect. As Defendants have indicated to Plaintiffs, Defendants can easily have a vendor come to Plaintiffs to take a forensic copy of their devices. This would mean they are without the devices for a few hours, at most. Moreover, whatever burden may arise, it is proportional to the needs of the case. As an initial matter, Plaintiffs concede that they have not undertaken *any* efforts to determine whether their devices contain relevant ESI, including GPS data. As a result, Defendants have offered to bear the costs of collection and search for this data. Given the relatively minimal intrusion on collecting the data when compared to Plaintiffs' claim of significant overtime that is not supported by other records, the cost of the evidence sought does not outweigh its evidentiary value. At bottom, there is no undue burden here.

The Honorable Sharon A. King, U.S.M.J.
United States District Court
April 21, 2023
Page 4

---

Finally, Plaintiffs have objected to the relevance and breadth of Defendants' requests for both devices and travel documents. (Ex. D, Resps. to Interrogatory 13 and Requests for Production 47, 51-53, 55-56, 58-62.) However, Defendants' request for the Devices only sought GPS information "for any date on which you were employed with any Defendant." (Ex. C, Request for Production 47.) Defendants intentionally limited this request to only get at that GPS information that would show whether Plaintiffs were working more hours than they were compensated for, *i.e.,* the central question in this litigation. And each of the travel-related documents requested in the remainder of Defendants' second set of discovery requests is likewise narrowed to only documents that were created at any time "that [Plaintiffs] claim was time worked." (*Id.* at Requests for Production 48, 50-59.)

Defendants have sought, and Plaintiffs have refused to produce, information that is crucial to Defendants' ability to test Plaintiffs' allegations about the time they worked. Without this information, Defendants are rendered unable to determine what hours Plaintiffs were *actually* working for Defendants. Defendants now need the Court's assistance in getting this central information.

Very truly yours,

Amanda M. Fielder

AMF/bjc