[ECF No. 63]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| MICHAEL VOGT et al., <br><br> **Plaintiffs,** <br><br> v. <br><br> NOVO BUILDING PRODUCTS, LLC et al., <br><br> **Defendants.** | Civil No. 22-1998 (CPO/SAK) |

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Reconsideration [ECF No. 63] of the Court's May 17, 2023 Discovery Dispute Order [ECF No. 62] (hereinafter "Discovery Order"). The Court received and considered Defendants' opposition. [ECF No. 66]. The Court exercises its discretion to decide the motion without oral argument. *See* FED. R. CIV. P. 78; L. CIV. R. 78.1. For the reasons to be discussed, Plaintiffs' motion is **DENIED**.

**I.   BACKGROUND**

Plaintiffs are current and former employees of Defendants, who manufacture and distribute specialty building products. *See* 2d Am. Compl. ¶¶ 1–7, 16–18 [ECF No. 44]. As part of their job responsibilities, Plaintiffs visit retail stores to stock shelves with Defendants' products. In sum, Plaintiffs allege that they were not compensated for time spent commuting to, from, and between retail job sites. *See id.* ¶ 52. They further allege that their commutes were extraordinary, requiring up to three hours to the first job site, and up to three hours to return home from the final job site. *See id.* ¶ 60. Plaintiffs bring this collective action against Defendants asserting that Defendants

misclassified them as exempt employees and failed to pay them for all hours worked and overtime wages. *See id.* ¶¶ 24, 45–48. Plaintiffs contend that this policy, pattern, or practice of Defendants violated the Fair Labor Standards Act and state wage and overtime laws. *See id.* ¶¶ 96–149.

In the course of discovery, Defendants sought global positioning system information stored on Plaintiffs' personal electronic devices for the relevant times Plaintiffs worked for Defendants. *See* Defs.' Apr. 24, 2023 Letter [ECF No. 58]. Defendants claim that, since Plaintiffs allege they were not compensated for certain work-related travel time, "a key focus of [their] discovery efforts has been to determine the actual amount of time Plaintiffs alleged to have spent traveling for work purposes." Defs.' Opp'n at 2. Defendants contend that they have no other means of obtaining the information. *Id.* Plaintiffs objected to Defendants' request, claiming: (1) the search for information from their personal mobile devices is an unwarranted intrusion into their private information; (2) Defendants' request is not proportional to the needs of the case; and (3) the information sought is available from other sources. *See* Pls.' May 9, 2023 Letter, at 3 [ECF No. 60].

On May 16, 2023, the Court conducted a hearing to address the issue. The Court conditionally granted Defendants' application to forensically search Plaintiffs' devices as follows:

a. Defendants shall first promptly subpoena their cellular network carrier for the requested information for the period of April 1, 2019 through March 31, 2022.

b. To the extent the requested information is not available from Defendants' cellular network carrier, Defendants may attempt to obtain the information from the relevant personal electronic devices of all Plaintiffs, except Teron Manuel. The parties shall meet and confer for the purpose of selecting a qualified vendor to forensically examine Plaintiffs' devices for the purpose of obtaining only relevant geolocation data. The parties shall also agree as to the precise parameters of the forensic search. Furthermore, to the extent Defendants' cellular network carrier has information relating to only a portion of the relevant period, Defendants may seek to obtain information for the remaining period from the third-party vendor. All costs associated with the forensic examination of Plaintiffs' devices shall be borne by Defendants.

Disc. Order ¶ 1.  Pursuant to Federal Rule of Civil Procedure 59(e) and Local Civil Rule 7.1(i), Plaintiffs now seek reconsideration of this Order "to the extent [the Order] compels Plaintiffs to submit their personal cellular devices for forensic examination by an outside vendor." Pls.' Br. at 1 [ECF No. 63-1].  Plaintiffs argue that: (1) the Court committed a clear error of law by overlooking the proportionality analysis required by Federal Rule of Civil Procedure 26; (2) a forensic search of Plaintiffs' cellular devices is an unwarranted invasion of Plaintiffs' privacy; (3) Defendants waived their contractual rights to obtain the information at the end of Plaintiffs' employment; (4) Defendants have similar information in their possession; and (5) the Court's ruling results in a manifest injustice. *See id.* at 4, 10, 14, 16–19

Defendants oppose Plaintiffs' motion, arguing that the motion is procedurally improper as it seeks reconsideration of an interlocutory order, rather than a final order. *See* Defs.' Opp'n at 5.  Defendants further argue that Plaintiffs merely repeat arguments which the Court has already considered and rejected. *See id.*  Lastly, Defendants argue that their discovery request is narrowly tailored and proportional to the needs of this case. *See id.* at 12.

## II.    DISCUSSION

### A.  Legal Standard

While not expressly authorized by the Federal Rules of Civil Procedure, motions for reconsideration are provided for and governed by Local Civil Rule 7.1(i).  *See Sch. Specialty, Inc. v. Ferrentino*, No. 14-4507, 2015 WL 4602995, at *2 (D.N.J. July 30, 2015).  Local Civil Rule 7.1(i) requires that a party "set[] forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." *See Summerfield v. Equifax Info. Servs. LLC*, 264 F.R.D. 133, 145 (D.N.J. 2009) (citation omitted) ("The word 'overlooked' is the

3

operative term and has been consistently interpreted as referring only to facts and legal arguments that might reasonably have resulted in a different conclusion had they been considered.").

It is well established that a motion for reconsideration is an "extremely limited procedural vehicle." *Tehan v. Disability Mgmt. Servs., Inc.*, 111 F. Supp. 2d 542, 549 (D.N.J. 2000) (citation omitted).  As such, a court will not grant such a motion "where a party simply asks the court to analyze the same facts it had already considered in reaching its original decision." *Id.*; *see, e.g.*, *Morris v. Siemens Components, Inc.*, 938 F. Supp. 277, 278 (D.N.J. 1996) ("A party's mere disagreement with a decision of the district court should be raised in the ordinary appellate process and is inappropriate on a motion for reargument."); *see also A.K. Stamping Co., Inc. v. Instrument Specialties Co., Inc.*, 106 F. Supp. 2d 627, 662 (D.N.J. 2000) (citation and internal quotations omitted) ("The extraordinary remedy of reconsideration, pursuant to . . . Local Civil Rule 7.1, is to be granted sparingly.").

A motion for reconsideration will likewise fail if the moving party merely raises arguments or presents evidence that could have been raised or presented before the original decision was reached. *See Summerfield*, 264 F.R.D. at 145.  Thus, the moving party must present something new, or something overlooked by the court in rendering the earlier decision. *See id.*  In other words, a "motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." *Tischio v. Bontex Inc.*, 16 F. Supp. 2d 511, 532 (D.N.J. 1998) (citation omitted).

The moving party bears the burden of establishing either: (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent a manifest injustice.  *See Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d. Cir. 1999).  For a decision to be clearly erroneous, the court must have a "definite and firm conviction that a mistake has been committed."

*Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 92 (1992). Further, a manifest injustice is "an error in the trial court that is direct, obvious, and observable." *Antonio-Villalba v. Hollingsworth*, Nos. 12-7779, 12-7836, 2013 WL 5592367, at *2 (D.N.J. Oct. 13, 2013) (citation omitted).

**B. Analysis**

Plaintiffs seek to vacate Paragraph 1(b) of the Discovery Order pursuant to Rule 59 and Local Civil Rule 7.1. At the outset, Defendants argue that Plaintiffs' motion should be denied solely on the basis that it is brought pursuant to Federal Rule 59(e). In the District of New Jersey, Local Civil Rule 7.1, rather than Federal Rule 59, governs motions for reconsideration. *See United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999) (citations omitted); *see also Zitter v. Petruccelli*, No. 15-6488, 2017 WL 1837850, at *2 (D.N.J. May 8, 2017) (noting that Federal Rule 59(e) addresses orders rendering a final judgment, whereas Local Rule 7.1(i) provides the proper procedural mechanism for reconsideration of interlocutory orders). Because Plaintiffs bring their motion pursuant to both Federal Rule 59 and Local Rule 7.1 seeking reconsideration of an interlocutory order, the Court considers Plaintiffs' motion solely under Local Rule 7.1(i).

Plaintiffs argue that reconsideration of the Discovery Order is warranted as it is necessary to correct a clear error of law or prevent manifest injustice. They do not claim that an intervening change in the controlling law has occurred or that evidence not previously available has become available. Specifically, Plaintiffs allege that the Court committed clear error by overlooking the proportionality analysis required by Rule 26. This, they argue, resulted in an unwarranted invasion of privacy. They further argue that it is "manifestly unjust to have failed to value Plaintiffs' privacy interest in the analysis upon which the Order was granted." Pls.' Br. at 17. Defendants counter that the record contradicts Plaintiffs' claim. *See* Defs.' Opp'n at 6. They cite to statements by the Court that "the information is highly relevant, but because of privacy concerns, the Court has to

5

give some analysis as [to] how much [the Court] will invade the [plaintiffs'] privacy." *Id.* at 3–4 (citing May 16, 2023 Disc. Hr'g Tr. at 28:9–15 [ECF No. 65]). Defendants conclude that Plaintiffs fail to identify any dispositive facts or controlling authority that the Court overlooked in its analysis. *See id.* at 6.

The Court disagrees with Plaintiffs' assertion that it failed to conduct a proportionality analysis that considered Plaintiffs' privacy interests. At the onset of the discovery hearing presentation by Plaintiffs' counsel, Roosevelt Nesmith, Esquire, the following dialogue occurred:

> **The Court:** All right. Can I -- before you start, I just want to hear your thoughts as to whether the information that's sought is relevant. . . . then you can explore proportionality or any -- anything else that you'd like to discuss, but I would like to hear you address whether the information sought is relevant.
>
> **Mr. Nesmith**: Well, Your Honor, the information is not -- is -- is relevant insofar as the travel time for the plaintiffs from their homes to the location -- store locations, and their travel time between the store locations . . . is relevant to their claims.

May 16, 2023 Disc. Hr'g Tr. at 13:2–13. After the preliminary establishment that the information sought was relevant, concerns about intrusions into the Plaintiffs' privacy interests permeated the hearing. For example, after Mr. Nesmith asserted that the geolocation information sought was available elsewhere, the Court addressed Paul Lantis, Esquire, counsel for Defendants, as follows:

> [B]ecause of privacy concerns, the Court has to give some analysis as to how much will [the Court] invade the privacy. So, if in fact the information is available elsewhere or it can be calculated elsewhere, why should [Defendants] be looking into the plaintiffs' cell phones?

*Id.* at 28:11–15. In further addressing the proportionality analysis, Mr. Nesmith specifically proposed a solution with a "zero implication for privacy concerns." He stated:

> [I]n the privacy analysis under proportionality, . . . availability of that information from the network carriers which is the defendants' information—it's the defendants' information as to the whereabouts of their cell phones on X date and time available from the network carriers, *that **that should be the first course***.

> That has zero implication for privacy concerns under the Rule 34 proportionality analysis, so that is where we believe there would still be available information that would not implicate the privacy of the plaintiffs and would not be a problem under Rule 26 or Rule 34.

*Id.* at 32:13–25 (emphasis added). In response to Mr. Nesmith's assertions that the information is available elsewhere, the Court inquired of Defendants as to searches conducted for the information sought and the search results. Ultimately, in weighing the interests of the defendants in obtaining relevant information against the Plaintiffs' privacy interests, the Court sought to minimize any invasion of Plaintiffs' privacy by directing Defendants to "contact their cell network carrier to see whether the information is first available from that source." *Id.* at 41:15–17.[1] This is precisely the proposal suggested by Plaintiffs. The Court permitted the search of Plaintiffs' devices only "[t]o the extent the requested information [was] not available form Defendants' cellular network carrier." Disc. Order ¶ 1(b). In making its ruling, the Court acknowledged that the application "is governed by Rule 26(b) as well as Rule 34," and further acknowledged that "both parties [] agree that the analysis is one based on proportionality." May 16, 2023 Disc. Hr'g Tr. at 40:17–41:14.

In an attempt to further limit the intrusion into Plaintiffs' privacy interests, the Court ordered the parties to "meet and confer for the purpose of selecting a qualified vendor to forensically examine Plaintiffs' devices for the purpose of obtaining only relevant geolocation date. The parties [were also required to] agree as to the precise parameters of the forensic search." Disc. Order ¶ 1(b). Both the Court's ruling on the record and the subsequent Order memorializing the ruling demonstrate the Court's consideration of Plaintiffs' privacy interests and the weighing of such interests against Defendants' need for the information.

---

[1] *See* Disc. Order ¶ 1(a) (requiring Defendants to "first promptly subpoena their cellular network carrier for the requested information").

7

The Court also did not overlook the legal arguments presented in Plaintiffs' discovery letter. Defendants note that the Court acknowledged having reviewed both parties' letters at the hearing. Defs.' Opp'n at 7 (citing May 16, 2023 Disc. Hr'g Tr. at 3:24–4:3). Defendants also aver that Plaintiffs' motion brief recites the same arguments raised in their discovery letter. *Id.* at 6–7.[2] In their motion brief, Plaintiffs claim that their discovery letter "set forth overwhelming persuasive authority that a demand for an outside vendor to conduct a search of a personal cellular device must be adjudicated applying a proportionality analysis under Rule 26 in which privacy concerns must also be given great considerations." Pls.' Br. at 4. As discussed above, the Court conducted this proportionality analysis, giving due consideration to Plaintiffs' privacy concerns. Plaintiffs therefore cannot credibly claim that the Court overlooked the legal authority cited in their letter, the sum of which Plaintiffs conclude is the requirement that the Court conduct a proportionality analysis, taking into accounts Plaintiffs' privacy interests. Local Civil Rule 7.1(i) does not allow parties to restate arguments which the Court has already considered. *See Fellenz v. Lombard Inv. Corp.*, 400 F. Supp. 2d 681, 683 (D.N.J. 2005). A difference of opinion with the Court's decision should be dealt with through the normal appellate process. *See Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 163 (D.N.J. 1988). To the extent Plaintiffs claim the Court

---

[2] Defendants assert that, except for two additional cases, the cases cited in Plaintiffs' motion brief were all previously raised in their May 9, 2023 letter to the Court. *See id.* at 7. Defendants also challenge Plaintiffs' claim that the cases they rely upon constitute "controlling" authority, noting the decisions emanate from federal courts in California, Louisiana, Indiana, Illinois, and Texas. *Id.* at 7–8. Defendants cite to *Daubert v. NRA Grp., LLC*, 861 F.3d 382, 395 (3d Cir. 2017) for the proposition that none of the cases relied on by Plaintiffs are binding on this Court. As for the two new cases—2019 and 2020 opinions from the Middle District of Pennsylvania—Defendants argue that reliance on these cases is also improper as they were not presented in Plaintiffs' May 9, 2023 discovery letter or at the May 16, 2023 hearing and are not otherwise "controlling decision[s] of law." Defs.' Opp'n at 8–10.

overlooked Rule 26's proportionality analysis and failed to consider Plaintiff's privacy interests, Plaintiffs' motion fails.

Plaintiffs further argue that the Court's failure to "value Plaintiff's privacy interest" in its analysis was manifestly unjust. Pls.' Br. at 17. A manifest injustice is "an error in the trial court that is direct, obvious, and observable." *In re Telfair*, 745 F. Supp. 2d 536, 561 (D.N.J. 2010), *aff'd in part, vacated in part sub nom. Telfair v. Off. of U.S. Att'y*, 443 F. App'x 674 (3d Cir. 2011) (further defining "manifest injustice" as the Court overlooking "some dispositive factual or legal matter that was presented to it"). To the extent that Plaintiffs fail to establish the Court overlooked or otherwise did not consider Plaintiffs' privacy interests, Plaintiffs necessarily fail to establish that the Court's ruling resulted in a manifest injustice.

Plaintiffs also argue that Defendants waived their contractual rights to obtain geolocation information at the end of Plaintiffs' employment. They claim that Defendants had a "bring your own device" policy which authorized Plaintiffs to use their personal devices for company business and to submit their devices at the end of employment for removal of company information. *See* Pls.' Br. at 15. Plaintiffs argue that "Defendants failure to timely act on their contractual rights to examine Plaintiffs' personal cellular devices at the conclusion of their employment, weighs strongly against their demand to claw back the phones for forensic examination years later." *Id*. Defendants contend Plaintiffs misunderstand the "bring your own device" policy. Defs.' Opp'n at 14. They argue that this policy required employees who used their personal devices for business purposes to present the device to the company for removal of company data. They contend that Plaintiffs did not submit their phones as required, and further contend that Defendant Novo had no obligation to track down Plaintiffs' personal phones. *See id*. at 15. They conclude that Plaintiffs' contractual argument is "entirely baseless." *Id*. The Court observes that Plaintiffs cite to no legal

9

authority for this waiver argument. More significantly, Plaintiffs failed to raise this argument in its underlying discovery application. Accordingly, Plaintiffs' motion also fails on this basis.

Lastly, Plaintiffs argue that Defendants possess or otherwise exercise control over similar information, including mileage information obtained through travel reimbursement software and geolocation information obtained by store login records and through company-issued cell phones. *See* Pls.' Br. at 16–17. Defendants challenge this argument, asserting that "there are no alternative means . . . to discover this evidence." Defs.' Opp'n at 13. They state that all company phones were erased upon the Plaintiffs' departure. *See id*. As discussed above, the Court considered and was persuaded by Plaintiffs' argument that Defendants had control of geolocation information from company-issued phones. The Court consequently ordered Defendants to first attempt to obtain the information sought from their carrier. The forensic search of Plaintiffs' devices was only permitted to the extent the information was not available from Defendants' carrier. Plaintiffs' argument that the information sought is otherwise available to Defendants is therefore unavailing.

Although framed as a motion to reconsider, the Court concludes that Plaintiffs' motion is an attempt to get another bite at the apple. In reaching its May 16, 2023 ruling and corresponding Order, the Court heard and considered the arguments raised in this motion.[3] Plaintiffs essentially now ask the Court to reevaluate the same facts and legal arguments considered in reaching its prior decision. However, it is well established that, "[w]here litigants have once battled for the court's decision, they should neither be required, nor without good reason be permitted, to battle for it again." *Zdanok v. Glidden Co., Durkee Famous Foods Div.*, 327 F.2d 944, 953 (2d. Cir. 1964).

---

[3] The Court also notes that new arguments were raised in this motion, but further notes that these arguments were not based on intervening changes in controlling law or new evidence that was not previously available.

Plaintiffs have not met their burden of establishing that the Court made a clear error of law, nor have they demonstrated that a manifest injustice will result if their motion is denied. As such, the Court will deny Plaintiffs' motion.

### III.   CONCLUSION

Accordingly, for all the foregoing reasons,

**IT IS HEREBY ORDERED** this **7th** day of **November**, **2023**, that Plaintiffs' Motion for Reconsideration [ECF No. 63] is **DENIED**.

s/ Sharon A. King<br>
SHARON A. KING<br>
United States Magistrate Judge

cc:  Hon. Christine P. O'Hearn, U.S.D.J.